# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

JAMES R. LOFTUS; MITCHELL
ROSENFELD,

   *Plaintiffs-Appellants,*

    v.

VISTARMS, INCORPORATED,

   *Defendant-Appellee,*

    and

THOMAS L. ARNOLD,

    *Defendant.*

No. 02-2320

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CA-02-140-A)

Argued: June 4, 2003

Decided: July 9, 2003

Before MICHAEL and MOTZ, Circuit Judges, and
Robert R. BEEZER, Senior Circuit Judge of the United States
Court of Appeals for the Ninth Circuit, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

**ARGUED:** Geoffrey Stetson Gavett, GAVETT & DATT, P.C.,
Rockville, Maryland, for Appellants. Scott S. Ives, IVES & ASSO-
CIATES, Sterling, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

James Loftus and Mitchell Rosenfeld sued VistaRMS, Inc. for breach of its obligation to act as guarantor on a loan owed to them. The district court granted summary judgment in favor of VistaRMS. We affirm.

## I.

On November 13, 1996, Thomas Arnold signed a Settlement Agreement and Mutual Release in which he agreed to pay James Loftus $780,000; Mitchell Rosenfeld, Loftus's former attorney, was entitled to a portion of the $780,000 as part of his fee. Under the terms of the agreement, Arnold would pay Loftus and Rosenfeld $19,500 on or before November 1, 1996 and $6,500 every month from April 10, 1997 until December 10, 2006. Arnold was a director of a corporation called Resource Management Systems, Inc. ("RMS"), which agreed to guarantee Arnold's obligations.

On January 1, 1997, Arnold gave Everett Holtz, the principal owner of RMS International, Inc. ("RMSI"), a check for $651,000. In return, Holtz orally agreed to assume Arnold's liability under the Settlement Agreement to Loftus and Rosenfeld.

On January 7, 1997, RMS entered into an Agreement of Purchase and Sale ("Purchase Agreement") in which RMS agreed to sell all of its "business contracts and accounts . . . together with all of its valuable assets," to RMSI. RMS acknowledged in the Purchase Agreement that RMSI "has not undertaken to purchase or assume any obligations except as specifically set forth in this Agreement."

In June 1997, RMS changed its name to TLA Investments, Inc. ("TLA"). Fifteen months later, RMSI merged with another company to become VistaRMS.

Pursuant to Holtz's oral agreement with Arnold, Holtz and RMSI made payments to Loftus on Arnold's behalf from April 1997 until October 2001. On October 31, 2001, Arnold, Holtz, TLA, and VistaRMS entered into an agreement (the "October Agreement") that purported to resolve "all disputes that have arisen between . . . the parties." The October Agreement provided that VistaRMS would pay Arnold $100,000, and that an existing promissory note payable to RMS from RMSI in the amount of $115,775 would be paid upon execution of the agreement. The October Agreement explicitly relieved Holtz of his obligation to make any future payments to Loftus on behalf of Arnold.

Shortly after the October Agreement was executed, Arnold defaulted on his November 10, 2001 payment to Loftus and Rosenfeld. Arnold ultimately made this payment on November 30, but defaulted on his December 10, 2001 payment. Loftus and Rosenfeld have received no payments since November 30, 2001.

On January 28, 2002, Loftus and Rosenfeld sued Arnold for breach of contract and fraud and VistaRMS for breach of guaranty. Arnold filed for bankruptcy on June 24, 2002, staying the trial court proceedings with respect to Loftus and Rosenfeld's claims against Arnold. On August 9, 2002, Loftus and Rosenfeld moved for summary judgment against VistaRMS and VistaRMS filed a cross-motion for summary judgment.

## II.

The district court denied Loftus and Rosenfeld's motion for summary judgment and granted summary judgment to VistaRMS.[1] The court concluded that VistaRMS was not the successor in interest to RMS and therefore could not be held liable for RMS's guaranty on Arnold's obligations to Loftus and Rosenfeld. In reaching this conclusion, the court first reasoned that "RMS was not a shell corporation

---

[1]Although Loftus and Rosenfeld's case against Arnold had been stayed as a result of Arnold's bankruptcy proceeding, the district court made an explicit finding that there was no just reason to delay ruling on VistaRMS's motion for summary judgment and directed that an order be entered pursuant to Federal Rule of Civil Procedure 54(b).

and remained a going-concern after the asset sale [to RMSI] as evidenced by their Federal Income Tax filings and the increase in assets after the sale." The court explained that "RMS acknowledges that TLA Investments is its true successor in interest in filings with the Commonwealth of Virginia's State Corporation Commission, and in its federal income tax filings." The district court recognized that while RMS and TLA shared the identical sole officers, directors, and shareholders, RMS and RMSI did not share any officers, directors, or shareholders. The court further reasoned that RMSI did not assume RMS's guaranty obligation on Arnold's debt to Loftus and Rosenfeld by virtue of the Purchase Agreement because that agreement expressly provides that RMSI has *not* undertaken to purchase or assume any obligations. Finally, the court noted that Loftus and Rosenfeld had not pled fraud against VistaRMS or RMSI.[2]

## III.

We have reviewed the record, briefs, and applicable law and have considered the oral arguments of the parties. We conclude that the district court was correct in its holding and affirm on the basis of the district court's well-reasoned opinion.

*AFFIRMED*

---

[2]The fraud allegations against VistaRMS relate only to VistaRMS's alleged obligation to pay Arnold's debt to Loftus and Rosenfeld pursuant to Holtz's oral agreement with Arnold. Because Loftus and Rosenfeld did not include breach of this oral agreement in their pleadings against VistaRMS, *see* J.A. 99 (Second Amended Complaint), the district court did not err in rejecting their fraud claim against VistaRMS.